IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John Robert Coleman, ) | C/A No.: 1:13-1442-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This appeal from a denial of social security benefits is before the court for a Report and Recommendation ("Report") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). The two issues before the court are whether the Commissioner's findings of fact are supported by substantial evidence and whether she applied the proper legal standards. For the reasons that follow, the undersigned recommends that the Commissioner's decision be reversed and remanded for further proceedings as set forth herein.

I.   Relevant Background

   A.   Procedural History

On October 25, 2010, Plaintiff filed an application for DIB in which he alleged his disability began on September 8, 2009. Tr. at. His application was denied initially and

upon reconsideration. Tr. at 63–64. On July 27, 2012, Plaintiff had a hearing before Administrative Law Judge ("ALJ") William F. Pope. Tr. at 29–62 (Hr'g Tr.). The ALJ issued an unfavorable decision on August 23, 2012, finding that Plaintiff was not disabled within the meaning of the Act. Tr. at 15–23. Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 1–3. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on May 29, 2013. [Entry #1].

    B.    Plaintiff's Background and Medical History

        1.    Background

Plaintiff was 62 years old at the time of the hearing. Tr. at 33. He holds an associate degree in nuclear engineering and a bachelor's degree in production management. Tr. at 33–34. His past relevant work ("PRW") was as an aeronautical project engineer, production engineer, and contract engineer. Tr. at 52–53. He alleges he has been unable to work since September 8, 2009. Tr. at 120.

        2.    Medical History and Hearing Testimony

On September 8, 2009, Plaintiff underwent prostate surgery for treatment of prostate cancer. Tr. at 202–03. Plaintiff testified that he became disabled as a result of this surgery. Tr. at 43. He asserts that the surgery caused back pain, digestive difficulties, and urinary incontinence, and that his continuing quarterly Lupron injections cause him to sweat and have hot flashes. Tr. at 44–46. Plaintiff also testified to back pain beginning in approximately 1981. Tr. at 48. MRIs of Plaintiff's lumbar spine in

2009 and 2010 document degenerative disc changes and moderate central canal stenosis. Tr. at 200–01, 259–60.

The Commissioner's initial brief [Entry #12] and the ALJ's decision (Tr. at 19–21) both include detailed summaries of Plaintiff's medical records and hearing testimony. Plaintiff has not summarized the record evidence and has not disputed the summaries provided by the Commissioner and ALJ. Plaintiff's allegations of error are discrete issues that do not require an exhaustive examination of the record. Consequently, while the undersigned typically provides a detailed summary of Plaintiff's medical history and hearing testimony, such a summary is rendered superfluous in this case.

C.     The ALJ's Findings

In his decision dated August 23, 2012, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
2. The claimant has not engaged in substantial gainful activity since September 8, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
3. The claimant has the following severe impairments: residuals of status post prostate cancer; emphysema; and degenerative disease of the lumbar spine (20 CFR 404.1520(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to perform work, with restrictions that require no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; only occasional stooping, twisting, crouching, kneeling, crawling or climbing of stairs or ramps; no climbing of ladders or scaffolds; and an environment reasonably free from dust, fumes, gases, odors and extremes of temperature and humidity. Standing and walking are not restricted.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
7. The claimant was born on July 16, 1950 and was 59 years old, which is defined as an individual of advanced age, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching retirement age (20 CFR 404.1563).
8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568).
10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a) and 404.1568(d)).
11. The claimant has not been under a disability, as defined in the Social Security Act, from September 8, 2009, through the date of this decision (20 CFR 404.1520(g)).

Tr. at 17–23.

II. Discussion

Plaintiff alleges the Commissioner erred for the following reasons:

1) the ALJ erred by failing to give proper weight to the opinion of Plaintiff's treating physicians; and

2) the ALJ erred in discounting Plaintiff's subjective complaints.

The Commissioner counters that substantial evidence supports the ALJ's findings and that the ALJ committed no legal error in his decision.

A. Legal Framework

1. The Commissioner's Determination-of-Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing substantial gainful employment. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [] made after a hearing to which he was a party." 42 U.S.C. § 405(g).

The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157–58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

B.  Analysis

1.  Treating Physician Opinions

Plaintiff contends that the ALJ failed to give proper weight to the opinions of G. Michael Beaver, M.D., and Mary A. Ackerman, M.D. [Entry #10 at 3–5]. If a treating

source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it will be given controlling weight. SSR 96-2p; *see also* 20 C.F.R. § 404.1527(c)(2) (providing treating source's opinion will be given controlling weight if well-supported by medically-acceptable clinical and laboratory diagnostic techniques and inconsistent with other substantial evidence in the record); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (finding a physician's opinion should be accorded "significantly less weight" if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence). The Commissioner typically accords greater weight to the opinion of a claimant's treating medical sources because such sources are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. *See* 20 C.F.R. § 404.1527(c)(2). However, "the rule does not require that the testimony be given controlling weight." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). Rather, "[c]ourts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson*, 434 F.3d at 654. The ALJ has the discretion to give less weight to the opinion of a treating physician when there is "persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d, 171, 176 (4th Cir. 2001). In undertaking a review of the ALJ's treatment of a claimant's treating sources, the court focuses its review on whether the ALJ's opinion is supported by substantial evidence, because the court's role is not to "undertake to re-weigh conflicting evidence,

make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig*, 76 F.3d at 589.

On April 4, 2012, Dr. Beaver opined that Plaintiff could work two hours a day; stand 15 to 30 minutes at one time; sit for two hours at one time; occasionally lift 20 pounds and frequently lift 10 pounds; occasionally bend; and constantly manipulate with the right and left hands. Tr. at 380. Dr. Beaver further opined that Plaintiff did not need to elevate his legs during an eight-hour workday, but that he suffered from moderate to severe pain. *Id.*

The ALJ stated that while he could not give Dr. Beaver's opinion controlling weight, certain aspects of the opinion were consistent with the RFC determined in the decision. Tr. at 21. The ALJ provided no explanation for why he was unable to give Dr. Beaver's opinion controlling weight.

The Commissioner appears to assert that the ALJ's summary of the medical evidence supported his decision to discount Dr. Beaver's opinion. [Entry #12 at 13–14]. The Commissioner also argues that Dr. Beaver did not cite to objective evidence in support of his opinion and provided no explanation whatsoever for his suggestion that Plaintiff could not work for more than two hours or stand for longer than half an hour. *Id.* at 15. Finally, the Commissioner contends that the ALJ properly relied on the opinions of the state agency consultants and that those opinions contradicted that of Dr. Beaver. *Id.* at 15–16.

All of the Commissioner's arguments are impermissible post hoc rationalizations. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) ("[G]eneral principles

of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."). Because the ALJ provided no explanation for discounting Dr. Beaver's opinion, the undersigned is unable to determine whether the finding is supported by substantial evidence. Therefore, the undersigned recommends this case be remanded with instructions that the ALJ comply with 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

Plaintiff also appears to assert that the ALJ did not properly evaluate the opinion of Dr. Ackerman. Plaintiff's argument consists of a single sentence and reads as follows: "In addition to Dr. Beaver's assessment, Dr. Mary Ackerman specifically noted that the plaintiff's back pain dates back to 20 years and that his back pain had been previously identified as 'degenerative in nature versus related to prostate carcinoma.'" [Entry #10 at 4–5]. The undersigned does not find these statements to be opinions requiring evaluation by the ALJ. As such, the undersigned recommends finding that the ALJ did not err with regard to the statements set forth in Dr. Ackerman's treatment notes.

As a corollary to his treating physician argument, Plaintiff asserts that the ALJ should have accorded no weight to Dr. Lynch's opinion that Plaintiff was disease-free from cancer and was not qualified for disability. [Entry #10 at 4]. This argument is without merit. Dr. Ackerman referred Plaintiff to Dr. Lynch, and Dr. Lynch evaluated Plaintiff on July 26, 2010. Tr. at 268–69. Therefore, Dr. Lynch was, at a minimum, a consulting physician, and his opinions are worthy of consideration under 20 C.F.R. § 404.1527(c)(2).

10

Based on the foregoing, the undersigned recommends remand for further consideration of the opinion of Dr. Beaver.  The undersigned notes that this recommendation is in no way intended to suggest that the ALJ should award benefits on remand.

          2.      Credibility Determination

Plaintiff also asserts that the ALJ erred in his credibility assessment.  [Entry #10 at 5–6].  Prior to considering a claimant's subjective complaints, an ALJ must find a claimant has an underlying impairment that has been established by objective medical evidence that would reasonably be expected to cause subjective complaints of the severity and persistence alleged.  *See* 20 C.F.R. § 404.1529; SSR 96-7p; *Craig*, 76 F.3d 585, 591–96 (4th Cir. 1996) (discussing the regulation-based two-part test for evaluating pain).  The first part of the test "does not . . . entail a determination of the intensity, persistence, or functionally limiting effect of the claimant's asserted pain."  76 F.3d at 594 (internal quotation omitted).  Second, and only after claimant has satisfied the threshold inquiry, the ALJ is to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work."  *Id.* at 595.  This second step requires the ALJ to consider the record as a whole, including both objective and subjective evidence, and SSR 96-7p cautions that a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."  SSR 96-7p, ¶ 4.

11

If an ALJ rejects a claimant's testimony about his pain or physical condition, he must explain the bases for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of Health & Human Servs*., 898 F.2d 21, 23 (4th Cir. 1989). "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, ¶ 5. In evaluating the intensity, persistence, and limiting effects of an individual's symptoms and the extent to which they limit an individual's ability to perform basic work activities, adjudicators are to consider all record evidence, which can include the following: the objective medical evidence; the individual's ADLs; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any measures other than treatment the individual uses to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

Here, after setting forth the applicable regulations, the ALJ considered Plaintiff's subjective claims under the required two-step process. *See Craig*, 76 F.3d at 591–96. The ALJ found Plaintiff's impairments could reasonably be expected to cause some of

the symptoms he alleged, but determined that Plaintiff's statements "concerning the intensity, persistence and limiting effects" of his symptoms were "not credible to the extent" they were inconsistent with the ALJ's determination of his RFC. Tr. at 21.

In discounting Plaintiff's credibility, the ALJ first summarized the medical evidence of record and found that the evidence of record shows a nice recovery from prostate surgery. Tr. at 19–21. The ALJ stated that the medical evidence of record indicates only mild degenerative disc disorder with no radicular findings even though Plaintiff sought out heavy pain medications. Tr. at 21. In making his credibility determination, however, the ALJ did not rely solely on the lack of objective evidence. As he is required to do, he cited additional reasons why Plaintiff's testimony was not credible. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994). He noted that Plaintiff had been advised on exercise and core strengthening exercises, but was unwilling to follow the prescribed treatment. Tr. at 21. Although not clearly stated, the ALJ also seemed to indicate that Plaintiff's testimony regarding the etiology of his back pain is contradictory. *Id.* The ALJ noted that Plaintiff stated that he felt his back pain was due to his prostate surgery, but also that he had experienced back pain since 1981 (well before his prostate surgery). *Id.* The ALJ referenced Dr. Lynch's opinion that Plaintiff's back pain would not qualify him for disability and that he appeared to be disease-free from cancer. *Id.* Finally, the ALJ noted that Plaintiff had applied for and received unemployment benefits, which required him to certify that he was actively seeking work and was ready, willing, and able to work if hired. Tr. at 21–22.

13

Plaintiff has failed to identify any specific error in the ALJ's analysis and instead references evidence that he believes supports his subjective complaints. Plaintiff's argument is akin to asking the court to reweigh the evidence; however, it is not within the court's province to do so. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

Based on the foregoing, the undersigned recommends finding that the ALJ properly evaluated Plaintiff's credibility and that the credibility determination is supported by substantial evidence.

III.   Conclusion and Recommendation

The court's function is not to substitute its own judgment for that of the ALJ, but to determine whether the ALJ's decision is supported as a matter of fact and law. Based on the foregoing, the court cannot determine that the Commissioner's decision is supported by substantial evidence. Therefore, the undersigned recommends, pursuant to the power of the court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), that this matter be reversed and remanded for further administrative proceedings.

IT IS SO RECOMMENDED.

Shiva V. Hodges

June 3, 2014                                         Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).